NAHOUN A. MOKARZEL, Respondent, v. SAADA R. MOKARZEL, Appellant.

**Appeal — order denying application to vacate judgment of divorce not appealable as of right to Court of Appeals.**

Where, upon application for an order opening and setting aside interlocutory and final judgments of divorce, the default is opened and defendant permitted to come in and defend, but the judgments already

entered are not vacated, and thereafter, after hearing evidence, the justice denies defendant's application to vacate said judgments and directs that they " remain in full force and effect," the decision and the judgment entered thereon must be construed as an order denying defendant's application to vacate the original judgments and is not appealable, as of right, to this court.

*Mokarzel* v. *Mokarzel*, 179 App. Div. 912, appeal dismissed.

(Argued October 15, 1918; decided October 29, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 5, 1917, which affirmed a judgment of Special Term decreeing that the interlocutory and final decrees of divorce in favor of plaintiff stand and remain in full force and effect and denying defendant's application to vacate said decrees.

The facts, so far as material, are stated in the opinion.

*Hyacinthe Ringrose* and *George L. Robinson* for appellant.

*William F. Clare* and *Frederick A. Gill* for respondent. The so-called judgment was merely an order denying the motion to vacate the original judgment, and the appeal taken therefrom without leave is unauthorized. (Code Civ. Pro. § 190, subd. 1; *Van Arsdale* v. *King*, 155 N. Y. 325; *Porter* v. *Inter. Bridge Co.*, 163 N. Y. 79.)

HOGAN, J. The parties hereto were married in this state in May, 1904. In 1908 plaintiff commenced an action against defendant, then in Syria, for an absolute divorce. Defendant defaulted in the action. On February 17, 1909, an interlocutory judgment was entered in favor of plaintiff. Thereafter, on May 26th, final judgment was entered. The plaintiff in October, 1910, was married to another woman. On January 13, 1912, defendant applied at Special Term for an order opening and setting aside the judgments entered against her. The motion was granted to the extent that the default be opened and permitting her to

come in and defend the action. The order provided that the case be placed upon the calendar for trial; that the interlocutory and final judgments already. entered stand in the meantime in force, with leave to defendant to apply to the court to vacate the said judgments after a trial upon the merits has been had. Evidence was presented before the justice at Special Term by both parties. Thereupon, the justice made a " decision " which embodied the foregoing facts and " findings of fact " in effect that plaintiff had again established the facts found on the first trial of the action and contained in the decision entered therein, and the alleged misconduct of defendant, and " conclusions of law " " that the interlocutory and final judgments of divorce herein stand and remain in full force and effect and defendant's application to vacate said judgments is denied. That plaintiff is entitled to judgment in accordance with the decision." Counsel for plaintiff thereafter entered, as designated in the record, a " judgment " adjudging that the judgments, interlocutory and final, referred to, " stand and remain in full force and effect and that defendant's application to vacate said decree is denied." Upon appeal by defendant, as from a judgment, the Appellate Division, by a divided court, affirmed, and from the order and judgment of affirmance there entered defendant appeals to this court.

The practice adopted in this case has resulted in confusion. The original judgment of divorce in favor of the plaintiff was not vacated. It remained final and conclusive between the parties unless reversed on appeal. A subsequent determination by the Special Term confirming the same in the form of a judgment did not add to or detract from the rights of the parties as already determined. The Special Term order merely opened the default suffered by defendant and permitted

her to establish facts whereon she might thereafter apply to vacate the original judgment. The hearing had before the court did not satisfy the justice that her claim was well founded. In such event an order denying her relief would have been proper. The "decision" of the justice and the "judgment" entered thereon must be construed as an order denying defendant's application to vacate the original judgments and so treated is not appealable as matter of right to this court.

The appeal should be dismissed, without costs.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND and McLAUGHLIN, JJ., concur; ANDREWS, J., not voting.

Appeal dismissed.