The People of the State of New York, Respondent, *v.* Eli Gersewitz, Appellant.

Argued March 8, 1945; decided April 12, 1945.

*Jacob Shientag* for appellant. I. The sections of the Code of Criminal Procedure concerning appeals are inapplicable. There is, however, a clear implication in section 520 of that Code that the Legislature intended every defendant to have the benefit of at least one appeal and under certain circumstances further review. (*People* v. *Redmond,* 225 N. Y. 206; *People ex rel. Hummel* v. *Reardon,* 186 N. Y. 164; *People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219; *People ex rel. Curtis* v. *Kidney,* 225 N. Y. 299; *People ex rel. Hummel* v. *Trial Term,* 184 N. Y. 30; *People* v. *Glen,* 173 N. Y. 395; *People* v. *Wright,* 263 App. Div. 1020; *People* v. *Sexton,* 187 N. Y. 495; *People ex rel. Weeks* v. *Platt,* 173 App. Div. 451; *Mooney* v. *Holohan,* 294 U. S. 103.) II. The application herein may be deemed a special proceeding within the meaning of section 5 of the Civil Practice Act for the redress or prevention of a wrong in a criminal action. (Civ. Prac. Act, § 4.) As an order in a special proceeding, the right to appeal therefrom is expressly given by section 631 of the Civil Practice Act. (*People ex rel. Board of Charities* v. *Davis,* 15 Hun 209.) III. Whether the right to appeal is within the intent of section 520 of the Code of Criminal Procedure or sections 631 and 622 of the Civil Practice Act, or it is inherently attached to the remedy disclosed in *Lyons* v. *Goldstein* (290 N. Y. 19), such right should be found to exist. There is no statute which expressly negatives same or reveals a purpose that the determination of the court of first instance should be final. (*People* v. *Butts,* 121 App. Div. 226; *People* v. *Priori,* 163 N. Y. 99; *People ex rel. Feeny* v. *Bd. of Canvassers,* 156 N. Y. 37; *People ex rel. Prisament* v. *Brophy,* 287 N. Y. 132.) IV. The law in other jurisdictions should be followed. (*Hardzog* v. *State,* 49 Okla. Crim. 244; *Fromcke* v. *State,* 37 Okla. Crim. 421; *State* v. *Cochran,* 332 Mo. 742; *State* v. *Dale,* 282 Mo. 663; *Harris* v. *State,* 203 Ind. 504; *People* v. *Gardner,* 106 Ill. 76; *People* v. *Walker,* 250 Ill. 427; *People* v. *Schwarz,* 201 Cal. 309; *People* v. *Perez,* 9 Cal. App. 265; *State* v. *Casaras,* 104 Mont. 404; *Cassidy* v. *State,* 201 Ind. 311; *State* v. *Raponi,* 182 P. 855.)

*William O'Dwyer, District Attorney (Fred J. Loughran* of counsel), for respondent. I. An appeal is not a necessary element of due process since there is no constitutional right attached to it. The privilege is purely statutory and in the absence of a statute provision for it, an appeal must be dismissed. (*McKane* v. *Durston,* 153 U. S. 684; *People* v. *Bellows,* 281 N. Y. 67; *People* v. *Zerillo,* 200 N. Y. 443; *People* v. *Antonio,* 265 N. Y. 247; *People* v. *Regan,* 292 N. Y. 109.) II. This is an appeal in a criminal action and as such is controlled by the Code of Criminal Procedure. The Civil Practice Act has no application. (*The People* v. *Hovey,* 92 N. Y. 554; *People* v. *Glen,* 173 N. Y. 395; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *People ex rel. Curtis* v. *Kidney,* 225 N. Y. 299; *State* v. *Nelson,* 107 P. 2d 1113.)

LEHMAN, Ch. J. The defendant on December 5, 1927, pleaded not guilty in the County Court of Kings County to an indictment charging him with the crime of robbery in the first degree, grand larceny in the first degree and assault in the second degree. On December 20, 1927, he was permitted to withdraw his plea of not guilty and to " plead guilty to the crime of Robbery in the First Degree without a gun ". On April 11, 1928, he was sentenced upon that plea to imprisonment in the State Prison at Sing Sing for a term of not less than fifteen nor more than thirty years. He was released on parole in September, 1934. In April, 1936, he was again convicted of robbery and sentenced to imprisonment for a term of thirty-five years as a second offender. In April, 1944, the defendant moved in the County Court of Kings County for an order setting aside the judgment of conviction entered upon his plea of guilty in December, 1927, and permitting him to withdraw his plea of guilty.

Upon that motion the defendant presented affidavits intended to show that at the time he pleaded guilty he was not represented by counsel and was not advised of his constitutional right to be represented by counsel and that the judgment of conviction entered upon such plea does not accord with the requirements of due process of law. Answering affidavits were interposed by the People. The court denied the defendant's motion on the ground that " the moving papers, when considered with the opposing affidavits, do not sufficiently establish that the defend-

ant was not advised of his constitutional and statutory rights to counsel." An appeal to the Appellate Division from the order denying the motion of the defendant was dismissed. By permission of the writer of this opinion the defendant has appealed to this court.

The Code of Criminal Procedure provides that " the only mode of reviewing a judgment or order in a criminal action or proceeding, or special proceeding of a criminal nature, is by appeal " (§ 515). " An appeal to the supreme court may be taken by the defendant from the judgment on a conviction after indictment * * * and upon the appeal, any actual decision of the court in an intermediate order or proceeding forming a part of the judgment-roll * * * may be reviewed " (§ 517). The statute makes no provision for the review of any order in a criminal action which does not form part of the judgment roll presented to the appellate court upon an appeal from a " judgment on a conviction ". " It has repeatedly been held that the appellate jurisdiction of the courts of this state in criminal cases is purely statutory; and, of course, such jurisdiction can never be assumed, unless a statute can be found which expressly sanctions its exercise." (*People* v. *Zerillo,* 200 N. Y. 443, 446.) No appeal is pending or will now lie from the judgment of conviction of the defendant-appellant and for that reason the Appellate Division held that no appeal could be taken from the order of the County Court entered in 1944 denying the motion to vacate the judgment entered in 1928. The only question we may consider upon the appeal from the order of the Appellate Division is whether the defendant had a right to appeal to that court though authority for such an appeal is not expressly conferred by the Code of Criminal Procedure or by any other statute.

Perhaps the omission of the Legislature to provide for an appeal from an order denying a motion to vacate a judgment of conviction should not be construed as an intentional denial to an aggrieved defendant of a right to appeal. Argument not without force may be made that when the Legislature in section 517 of the Code of Criminal Procedure enumerated " *In what cases appeal may be taken by defendant* " it intended to cover only the field in which the courts exercised authority established by statute without considering whether there remained an undefined field in which the courts might exercise an

" inherent " authority not established by statute. In a long line of cases this court has consistently applied the principle that the Code of Criminal Procedure " establishes the practice in all criminal cases and the authority for the orders and judgments of the courts " within the field where the Legislature may grant authority to a court or may withhold it. (*People ex rel. Hirschberg* v. *Orange Co. Ct.,* 271 N. Y. 151, 155.) The court has nonetheless recognized, at the same time, that courts have always asserted and exercised authority which, though perhaps not expressly established by statute, is " based upon the inherent right and duty of the courts to protect the citizen in his constitutional prerogatives and to prevent oppression or persecution." " It is a power," the court said, " which the legislature can neither curtail nor abolish, and, to the extent that legislative enactments are designed to effect either of these ends, they are unconstitutional." (*People* v. *Glen,* 173 N. Y. 395, 400.) We have sanctioned the exercise of such a power by a court to correct its own record or to set aside an order or judgment which was induced by fraud or procured in violation of a constitutional right of a party. Perhaps that power can have no broader scope. No case has been presented to the court in which the court was called upon to define its exact limits, but in March, 1943, this court authoritatively decided (three judges dissenting) that a court of criminal jurisdiction has " inherent " power to set aside a judgment procured by fraud and misrepresentation and to permit a defendant to withdraw a plea of guilty induced by violation of his constitutional rights (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19) ; and in *Matter of Morhous* v. *N. Y. Supreme Court* (293 N. Y. 131), we held that a motion to vacate a judgment procured by violation of the defendant's constitutional rights is the corrective judicial process which is authorized by the law of the State to remedy the alleged wrong to the defendant and that it adequately meets the requirement of " due process ". The problem now presented is whether the appellate court may entertain an appeal from an order of the court, in which the conviction was had, denying a motion to vacate the conviction though the Code of Criminal Procedure does not provide for an appeal from an order in a criminal action or proceeding except where the order is made pursuant to practice and authority established by statute.

Though we have held that the Legislature cannot withhold from a court of general criminal jurisdiction powers which the court must have in order that its judgment may meet the constitutional requirements of due process, a right of appeal is not such a requirement. " An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal. A review by an appellate court of the final judgment in a criminal case * * * was not at common law and is not now a necessary element of due process of law." (*McKane* v. *Durston,* 153 U. S. 684, 687.) No provision of the Constitution constrains the Legislature to provide a right of review by an appellate court of every decision of a single judge, affecting a substantial right, though generally such a right is provided and has, indeed, been regarded as fundamental. (*People* v. *Priori,* 163 N. Y. 99.) A motion which invokes the " inherent " power of the court to remedy an alleged violation of a defendant's constitutional rights is analogous, in some respects, to proceedings initiated by the common law writ of *coram nobis* and to proceedings initiated by a petition for a writ of habeas corpus; but habeas corpus proceedings are special proceedings, classified by the Legislature as civil proceedings in the Civil Practice Act and an appeal from a final order in such a proceeding may be taken as provided in that act. (*People ex rel. Curtis* v. *Kidney,* 225 N. Y. 299.) Though habeas corpus proceedings are the traditional remedy used by a defendant to " get released from custody under a criminal prosecution " (*Ex parte Tom Tong,* 108 U. S. 556, 560), the proceedings are not an incident to the criminal prosecution. In such proceedings the petitioner seeks to invoke the power of a court, other than that in which the prosecution was had, to vacate a judgment or order made in the course of the criminal prosecution by a court without jurisdiction or which failed to exercise, or perhaps did not have, adequate authority to protect the defendant in his constitutional rights. By motion to the court, in which a conviction was had, to vacate its own judgment and to discharge a defendant from custody thereunder or to grant a new trial, the defendant invokes the power of the court to vindicate the defendant's constitutional rights in the criminal prosecution. Such a motion is not a " special proceeding " as defined by the Civil Practice Act but is made in the criminal action, and an

order made upon such a motion is an " intermediate order " from which an appeal may be taken only if a right to review of the order is established by the Code of Criminal Procedure. Argument that the omission of the Legislature to provide for an appeal from such an order was inadvertent and that the omission should be supplied may be persuasive; but such arguments must be addressed to the Legislature. The court has no power to supply even an inadvertent omission of the Legislature.

The order should be affirmed.

LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Order affirmed.