Per Curiam.

The present appeal has been taken by defendant, as of right, from an order of the Appellate Division, Second Department, which unanimously (1) reversed an order of the Supreme Court, Kings County, at Special Term, granting a motion by defendant for an order vacating a final judgment of the Supreme Court, entered May 1, 1939, permanently enjoining defendant from acting as a dealer in securities, and (2) denied the motion to vacate.
The injunction was issued on the consent of defendant in an action brought against him by the Attorney-General under article 23-A of the General Business Law. The complaint alleged failure to keep proper books and fraudulent practices by defendant. In May of 1958 defendant moved on affidavits for an order to dissolve and vacate the injunction upon the ground that his conduct had been exemplary since 1939; that he had paid his obligations in full; that he is now a responsible and important businessman and that it would be unfair for the injunction to remain effective against him. Special Term treated the case as within the purview of the power of a court of equity to vacate its own judgments and granted the defendant’s application. On appeal, the Appellate Division reversed, holding that Special Term was without power to vacate a permanent injunction issued pursuant to the provisions of article 23-A of the General Business Law after two years had expired after the entry of such judgment.
Inasmuch as this appeal has been taken as of right and it is not an appeal pursuant to subdivision 3 of section 588 of the Civil Practice Act, it must be from a final determination.
There is no question but that the judgment of permanent injunction issued in 1939 was a final determination. The order of the Appellate Division reversing the order to vacate that judgment neither adds to nor detracts from the rights of the parties as determined by such judgment—it merely adheres *188 to the already final determination; That being so, it is nonfinal in character and the defendant’s appeal therefrom must be dismissed (see Cohen and Karger, Powers of the New York Court of Appeals, pp. 141-147; Di Raffaele v. Gerkhardt, 246 N. Y. 646; Bright v. Goshen Sanitarium Co., 309 N. Y. 1000). This is to be distinguished from a new and separate special proceeding authorized by statute (Matter of Henry, 3 N Y 2d 258, 260) or a motion, to amend a previous final determination which is granted at Special Term but denied in the Appellate Division (see, e.g., Enterprise Window Cleaning Co. v. Slowuta, 299 N. Y. 286; see, also, Cohen and Karger, Powers of the New York Court of Appeals, p. 147 et seq.).
The appeal should be dismissed upon the ground that the order sought to be appealed from does not finally determine the action within the meaning of the Constitution.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Appeal dismissed, etc.