■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS GHEE, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Pincus, J.), rendered April 16, 1986, convicting him of murder in the second degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) an order of the same court, dated March 21, 1988, which denied the defendant's motion pursuant to CPL 440.10 to vacate his conviction. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed.

The defendant's appeal, which was purportedly taken as of right, from the order denying his motion to vacate his judgment of conviction must be dismissed. An appeal from an order denying a motion to vacate a judgment of conviction may be taken only by permission (CPL 450.15, 460.15) and no permission for such an appeal has been granted.

Contrary to the defendant's contention, CPL 450.10 and 450.15, which authorize an appeal from an order denying a motion to vacate a judgment of conviction only by permission, do not violate NY Constitution, article VI, § 4 (k) since a motion pursuant to CPL 440.10 to vacate a judgment on the ground of ineffectiveness of counsel, like an order denying a common-law writ of error coram nobis, is an "intermediate order", an appeal from which may be limited or conditioned *(see, People v Gersewitz,* 294 NY 163, *cert dismissed* 326 US 687; mem of State Exec Dept, 1971 McKinney's Session Laws of NY, at 2463; *cf., People v Pollenz,* 67 NY2d 264).

Nor is the defendant's right to due process violated by this restriction on his right to appeal. A determination of claims of ineffective assistance of counsel cannot be addressed on direct appeal when the claims involve matters dehors the record *(People v Colon,* 138 AD2d 392; *People v Reid,* 137 AD2d 844). Although every criminal defendant in New York has a right to appeal a judgment of conviction *(see, People v Montgomery,* 24 NY2d 130; CPL 450.10), CPL 450.10 and 450.15 do not restrict the defendant's right to appeal his conviction but instead limit review of an order denying his motion to vacate his judgment of conviction, which is an intermediate order *(see, People v Gersewitz, supra).*

In any event, we disagree with the defendant's claim that he was deprived of the effective assistance of counsel, whether the trial record is considered alone or in conjunction with the allegations contained in the defendant's CPL 440.10 motion. The decision of the first attorney retained by the defendant to submit his client to a polygraph examination conducted by an investigator for the District Attorney was made after consultation with his client, the defendant, who professed his innocence. This strategy was apparently employed to induce the District Attorney to drop the charges against his client and was one that might well have been pursued by a reasonably competent attorney *(see, People v Satterfield,* 66 NY2d 796). It would be incongruous to find the attorney ineffective for believing his client's assertions of innocence and attempting to gain his release from prison. Moreover, we are not prepared to second-guess whether a course chosen by the defendant's counsel was the best strategy, or even a good one, so long as the defendant was afforded meaningful representation *(see, People v Satterfield, supra,* at 799-800). Although counsel would have better served his client by remaining in the area until the three-part polygraph examination was completed, he could not have known that his client was going to change his story and confess after being confronted with the polygraph results. The defendant waived his *Miranda* rights, signed a polygraph release form and then knowingly lied on the polygraph examination. In sum, we find that the conduct of counsel was not ineffective.

Nor did the failure of the defendant's trial attorney (assigned after the first attorney was relieved) to object to inadmissible hearsay testimony and to a portion of the prosecutor's summation deprive the defendant of meaningful representation. Counsel vigorously cross-examined the prosecution witnesses, made appropriate motions and forcefully set forth the defense in his summation. The evidence, the law and the circumstances of this case, viewed together and as of the time of representation, reveal that meaningful representation was provided *(see, People v Satterfield, supra; People v Baldi,* 54 NY2d 137).

Finally, we agree with the Supreme Court that the defendant knowingly, voluntarily and intelligently waived his right to counsel in the presence of counsel and that such waiver applied to the postpolygraph interview during which the defendant made an inculpatory statement *(see, People v Smith,* 63 NY2d 41, *cert denied* 469 US 1227, *reh denied* 471 US 1049; *People v Beam,* 57 NY2d 241). Accordingly, the defendant's

motion to suppress his statement was properly denied. Mollen, P. J., Brown, Lawrence and Spatt, JJ., concur.