■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER SIMMONDS, Appellant.—Appeals by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered April 17, 1986, convicting him of murder in the

second degree, robbery in the first degree (two counts), and assault in the first degree, upon a jury verdict, and imposing sentence, and purported appeals from two orders of the same court (Corriero, J.), dated July 14, 1988, and November 22, 1989, respectively, which denied his motions to vacate the judgment pursuant to CPL 440.10. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the purported appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed.

We reject the defendant's claim that CPL 450.10 and 450.15, which authorize an appeal from an order denying a motion to vacate a judgment of conviction (see, CPL 440.10) only by permission, are unconstitutional (NY Const, art VI, § 4 [k]). An order denying a motion pursuant to CPL 440.10 to vacate a judgment, like an order denying a common-law writ of error coram nobis, is an intermediate order, an appeal from which may be limited or conditioned (see, People v Campbell, 162 AD2d 606; People v Bellamy, 160 AD2d 886). Thus, the defendant's claim that his conviction was based on false material evidence, which was raised on his motions pursuant to CPL 440.10 and rejected on the merits, is not properly before this court on direct appeal. Leave to appeal from those orders was denied by orders dated November 3, 1988, and February 6, 1990, respectively (see, CPL 450.10, 450.15 [1]; People v Drummond, 104 AD2d 825, 826). Therefore, the defendant's attempt to appeal from those orders as of right must fail and the purported appeals from those orders are dismissed.

The defendant further contends that the photographic array and lineup which were viewed by the eyewitness were each impermissibly suggestive, and because the hearing court failed to conduct an "independent basis" hearing, the witness's identification testimony should have been suppressed. We disagree. The claim that the photographic array was unduly suggestive is being raised for the first time on appeal. Therefore, that claim is unpreserved for appellate review (CPL 470.05 [2]). The defendant's claim that the lineup was unduly suggestive is based both on a comment made by a detective to the eyewitness prior to the lineup and on the purported lack of resemblance of any of the fillers to the defendant. The detective's comment to the eyewitness that he believed that the police had arrested the same individual she had selected from the photographic array did not render the lineup unduly

suggestive *(see, People v Rodriguez,* 64 NY2d 738, 740-741), since there was no suggestion as to which of the lineup participants was that individual *(see, People v Davis,* 151 AD2d 494).

While participants in a lineup should have the same general physical characteristics *(see, Foster v California,* 394 US 440), there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical to him in appearance *(see, People v Rodriguez,* 124 AD2d 611). In this case, where the participants in the lineup were of similar age, skin tone, hairstyle and dress, the slight variations in their height and weight did not render the lineup impermissibly suggestive or conducive to irreparable mistaken identification *(see, People v Burns,* 138 AD2d 614). Thus, the hearing court properly denied the defendant's application to suppress the eyewitness's identification testimony.

The sentence imposed by the court was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and conclude that they are without merit. Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.