■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THOMAS, Appellant.—Judgments, Supreme Court, New York County (Stephen G. Crane, J.), rendered August 25, 1986, convicting defendant, after a jury trial, of murder in the second degree (two counts), burglary in the first degree, robbery in the first degree and robbery in the second degree, and convicting him, upon an unrelated plea of guilty, of attempted robbery in the second degree, and sentencing him to concurrent terms of imprisonment of 22 years to life on each murder count, 8⅓ to 25 years on the burglary and first degree robbery counts, 5 to 15 years on the second degree robbery count, and 3½ to 7 years on the attempted robbery in the second degree plea, unanimously affirmed.

Defendant and codefendant James White were convicted based, in part, on the testimony of an accomplice, Patricia Zimmerman.

During the robbery of Zimmerman's 84-year old neighbor, defendant held a knife to Ms. Zimmerman's neck, to make it appear that she was not a participant in the robbery. In forcing the surrender of the money, codefendant White manhandled the victim, who died of internal injuries approximately two weeks later.

Defendant's claim that the verdict was against the weight of the evidence is meritless. Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt is amply supported (People v Bleakley, 69 NY2d 490). The jury's determination regarding credibility of the accomplice's testimony was reasonable and therefore should not be disturbed by this Court (see, e.g., People v Rivera, 121 AD2d 166, affd 68 NY2d 786).

This Court previously denied defendant's application for a certificate granting leave to appeal the order of the trial court denying a CPL 440.10 motion. Defendant claims that the provisions of CPL 450.10 and 450.15 requiring leave to appeal denial of a CPL 440.10 motion are violative of NY Constitution, article VI, § 4 (k) allowing appeal of a right of a final judgment or order, as well as a denial of due process rights under the Federal Constitution. However, an order denying a CPL 440.10 motion is not a final order in a special proceeding, but rather an intermediate order that merely adheres to a previously rendered final determination. An appeal from such an order may properly be limited or conditioned (see, e.g., *People v Scanlon,* 6 NY2d 185). Defendant's contentions regarding the accomplice's testimony as to the effect of her cooperation raised in the collateral proceedings, are, therefore, not properly before us for our consideration.

We have considered defendant's remaining claims and find them to be without merit. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.