OPINION OF THE COURT
 

 Bellacosa, J.
 

 These cases involve defendants who wish to pursue appeals
 
 *63
 
 as of right to the Appellate Division from denials, in postjudgment collateral proceedings, of vacatur of final criminal adjudications of guilt. The Legislature in 1971 curtailed such appeals as of right, restricting their availability only to a permissive procedure involving review and allowance by a single Justice of the Appellate Division before a full panel could review the merits (CPL 450.10, 450.15 [L 1971, ch 671]; CPL 460.15;
 
 compare,
 
 CPL 460.20). Because article VI, § 4 (k) of the New York Constitution froze the floor of the jurisdiction of the Appellate Divisions as it was in 1962, appellants claim that chapter 671 of the Laws of 1971 (§§ 1, 2) transgresses this constitutional limitation on legislative power.
 

 Specifically, in the companion cases before us, we are faced with the denial of motions to vacate criminal judgments of conviction premised on (1) alleged prejudicial prosecutorial misconduct (CPL 440.10 [1] [f]), and (2) alleged ineffective assistance of counsel (CPL 440.10 [1] [h]). We conclude that article VI, §4 (k) of the New York Constitution does not restrict the Legislature from limiting a defendant’s right to appeal from nonfinal postjudgment collateral criminal proceeding orders denying vacatur of final judgments of conviction. Consequently, we uphold the respective orders of the Appellate Division in each case because the Legislature did not violate the article VI restraint.
 

 L
 

 People v Farrell
 

 Defendant sought postjudgment relief, pursuant to CPL 440.10 (1) (f), to set aside his affirmed conviction of manslaughter in the first degree (judgment of conviction, Sup Ct, Richmond County, Jan. 4, 1991,
 
 affd
 
 206 AD2d 541,
 
 lv denied
 
 84 NY2d 825). He claimed prosecutorial trial prejudice because of an alleged
 
 Rosario
 
 violation
 
 (People v Rosario,
 
 9 NY2d 286,
 
 cert denied
 
 368 US 866). Defendant complains of the prosecutor’s omission to provide defense counsel with an audio tape related to the preparation of the medical examiner’s autopsy report.
 

 Supreme Court ruled that the audio tape was not
 
 Rosario
 
 material and denied defendant’s postjudgment effort (159 Mise 2d 992). The Appellate Division dismissed defendant’s appeal on the ground that an appeal as of right did not lie (decision and order on motion, Apr. 18, 1994; CPL 450.10, 450.15, 440.10 [1] [f]). Defendant now appeals, by leave of a Judge of this
 
 *64
 
 Court, alleging that this limitation on a criminal defendant’s automatic right to appeal a denial of a CPL 440.10 (1) (f) motion (premised on prejudicial prosecutorial misconduct not appearing on the record) violates article VI, § 4 (k) of the New York Constitution, as well as due process and equal protection guarantees.
 

 II
 

 Rivera v Justices of N. Y. State Supreme Ct.
 

 Plaintiff Rivera was convicted of murder, second degree. The Appellate Division modified the judgment only by reducing the sentence and otherwise affirmed (133 AD2d 24). This Court affirmed the Appellate Division’s rejection of defendant’s claim of ineffective assistance of counsel. In a Per Curiam opinion, we ruled that defendant had failed to meet his burden of demonstrating that counsel had acted less than adequately under the circumstances
 
 (People v Rivera,
 
 71 NY2d 705, 709).
 

 After this Court’s decision on the direct appeal, plaintiff filed a motion in Supreme Court to vacate the judgment on the same ineffective assistance of counsel grounds (CPL 440.10 [1] [h]). The motion was denied, and plaintiff filed a notice of appeal. Also by motion, plaintiff sought leave to appeal the Supreme Court order (denying his motion to vacate judgment) to the Appellate Division and reserved his right to challenge the constitutionality of CPL 450.10 and 450.15. Plaintiff’s motion was denied by a Justice of the Appellate Division.
 

 Subsequent to that denial, plaintiff’s counsel filed 10 copies of a brief in the Appellate Division for that Court’s upcoming term. The Appellate Division returned all the copies to plaintiff’s counsel with a card marked "rejected”. Counsel was subsequently informed by the Appellate Division that the briefs were rejected for lack of a jurisdictional predicate, but no formal court adjudication in this respect or order was rendered.
 

 Plaintiff next moved in this Court for an order (1) deeming the Appellate Division’s "rejection” to be the equivalent of an order dismissing plaintiff’s appeal; or (2) directing the Appellate Division to issue an order reflecting its determination of the case. Plaintiff also made application to appeal to this Court from the Appellate Division Justice’s denial of leave to appeal to that Court. A Judge of this Court dismissed plaintiff’s leave application (76 NY2d 990; CPL 460.20). We also
 
 *65
 
 dismissed plaintiffs motion to this Court (76 NY2d 934). None of those determinations are procedurally appropriate for us to review or are before us.
 

 Plaintiff finally commenced the instant action seeking a judgment declaring CPL 450.10 and 450.15 unconstitutional to the extent that they preclude appeals as of right from denials of CPL 440.10 (1) (h) motions, premised on claims of ineffective assistance of counsel. Supreme Court granted defendants Justices’ motion to dismiss, finding no constitutional violation based on either article VI, §4 (k) grounds or other constitutional claims.
 

 The Appellate Division affirmed (200 AD2d 519), finding that: (1) the defendants Justices were not in an adversarial position with plaintiff and were, therefore, inappropriate parties against whom to seek declaratory relief; and (2) the order denying plaintiff’s CPL 440.10 motion was intermediate, not final, and that, therefore, no constitutional infirmity based on article VI, § 4 (k) existed. The Appellate Division granted leave to appeal to this Court, and we cocalendared this appeal with that in
 
 People v Farrell,
 
 now decided together because of the common issue.
 

 III
 

 CPL 450.10 prescribes and retains appeals as of right to intermediate appellate courts in certain instances that are not relevant in these cases. Denials of motions to vacate judgments made pursuant to CPL 440.10 are excluded from the as-of-right protocol. CPL 440.10 authorizes a court, upon motion of the defendant, to vacate a judgment of conviction on the grounds, among others, of "[i]mproper and prejudicial conduct [during trial] not appearing in the record” (CPL 440.10 [1] [f]) and "violation of a [defendant’s constitutional] right” (CPL 440.10 [1] [h]).
 

 Appellants respectively claim, in their discrete procedural channels, that CPL 450.10 and 450.15 overstep the bounds of article VI, § 4 (k) of the New York Constitution because these provisions deprive defendants of preserved appeals as of right from a denial of a postjudgment conviction motion pursuant to CPL 440.10 (1) (f) or CPL 440.10 (1) (h).
 

 Article VI, § 4 (k) of the New York Constitution fixed the floor of the jurisdiction of the Appellate Division as it existed on September 1, 1962
 
 (People v Pollenz,
 
 67 NY2d 264, 268). The Constitution declares:
 

 
 *66
 
 "The appellate divisions of the supreme court shall have all the jurisdiction possessed by them on the effective date of this article [Sept. 1, 1962] and such additional jurisdiction as may be prescribed by law, provided, however, that the right to appeal to the appellate divisions from a judgment or order which does not finally determine an action or special proceeding may be limited or conditioned by law” (NY Const, art VI, § 4 [k]).
 

 As of its effective date, the provision "permits the Legislature to expand the jurisdiction of the Appellate Division but not contract it,
 
 except with regard to appeals from nonfinal orders” (People v Pollenz, supra,
 
 at 270 [emphasis added]). Thus, New York Constitution, article VI, § 4 (k) precludes the Legislature from limiting appeals from final orders where "as of right” appeals existed as of September 1, 1962
 
 (see, e.g, People v Pollenz,
 
 67 NY2d 264,
 
 supra).
 

 Appellants Farrell and Rivera, respectively, build their argument on a first foundational leg that an appeal as of right existed in 1962 from the denial of the equivalent of a motion to vacate a judgment on the grounds of prejudicial prosecutorial misconduct and ineffective assistance of counsel. Appellants assert that, in 1962, a collateral attack on a judgment for these grounds could have been brought in the form of a common-law writ of error coram nobis, and that an appeal as of right existed from the denial of coram nobis relief (Code Grim Proc §§ 517-519; L 1947, ch 706; L 1953, ch 602;
 
 People v Crimmins,
 
 38 NY2d 407, 414).
 

 A second, equally necessary, foundational leg of their argument is that the denial of the CPL 440.10 motion to vacate the judgment constitutes a final order in a separate special proceeding. In support of their finality argument, appellants liken such postjudgment motions to habeas corpus proceedings. They assert that the better-late-than-never, off-the-record facts situations in collateral proceedings render those matters "special proceedings,” and that orders concluding them constitute final determinations. On these premises, appellants seek a declaration that CPL 450.10 and 450.15 undermine the jurisdictional preservation of article VI, §4 (k) of the New York Constitution.
 

 IV.
 

 Assuming without deciding the propriety of the declaratory
 
 *67
 
 judgment mode of appellant Rivera’s case against the Justices of the Supreme Court, appellants’ conclusion that article VI, §4 (k) is violated collapses under the finality premise. We conclude that a postjudgment motion to vacate a criminal adjudication, whose direct appeal track has run its course, is not a special proceeding. Habeas corpus is a civil proceeding governed by the CPLR (art 70). Coram nobis and its statutory look-alikes are tails to the criminal proceeding comet and are explicitly governed by the CPL. Thus, the trial court’s denial of a motion to vacate a criminal judgment, whether that motion is predicated on prosecutorial misconduct (CPL 440.10 [1] [fj) or ineffective assistance of counsel (CPL 440.10 [1] [h]), does not occur in a special proceeding and is nonfinal for purposes of determining appellate jurisdiction
 
 (see, People v Gersewitz,
 
 294 NY 163, 168-169,
 
 cert dismissed
 
 326 US 687;
 
 People v Thomas,
 
 183 AD2d 457, 458,
 
 lv denied
 
 80 NY2d 934;
 
 People v Simmonds,
 
 182 AD2d 650, 651,
 
 lv denied
 
 80 NY2d 910;
 
 People v Ghee,
 
 153 AD2d 954,
 
 lv denied
 
 76 NY2d 735;
 
 see also, People v Scanlon,
 
 6 NY2d 185, 187-188;
 
 cf., Van Arsdale v King,
 
 155 NY 325, 329-330). Due to the successory and necessarily interrelated nature of the order deciding the CPL 440.10 motion, the limitations of article VI, § 4 (k) do not circumscribe the Legislature’s range of authority in restricting these appeals to a permissive route only
 
 (see, People v Pollenz,
 
 67 NY2d 264, 270,
 
 supra; People v Gersewitz, supra; see also, People v Scanlon, supra; cf., Van Arsdale v King, supra).
 
 It bears emphasizing that the Legislature did not eliminate such appeal opportunities, but merely interposed judicial screening reviews to allow permissively only those appeals that merit further full Court examination.
 

 V.
 

 The general nature of both a postjudgment motion to vacate a judgment of conviction and an order denying such a motion have previously been considered by this Court
 
 (People v Gersewitz,
 
 294 NY 163, 168-169,
 
 cert dismissed
 
 326 US 687,
 
 supra).
 
 In
 
 People v Gersewitz,
 
 decided in 1945, the issue was whether, absent express statutory authority, an appeal as of right existed from the Court’s refusal to vacate a judgment where defendant alleged ineffective assistance of counsel (294 NY 163, 166,
 
 supra). Gersewitz
 
 was decided before the enactment of CPL 440.10 (L 1970, ch 996) and prior to the existence of any
 
 statutory
 
 right to appeal a judgment of conviction on
 
 *68
 
 grounds not appearing in the record
 
 (People v Gersewitz, id.,
 
 at 167). Prior to
 
 Gersewitz,
 
 we recognized, however, the Court’s "inherent power” to set aside a judgment obtained by fraud, misrepresentation, violation of defendant’s constitutional rights or other similar trial errors
 
 (id.,
 
 at 167, citing
 
 Matter of Lyons v Goldstein,
 
 290 NY 19). Additionally, prior to 1947, there was no statutory right, permissive or as-of-right, for a defendant to appeal the denial of a motion to set aside a judgment of conviction
 
 (People v Gersewitz, supra,
 
 at 166;
 
 see,
 
 Code Crim Proc §§ 517-519; L 1947, ch 706; L 1953, ch 602 [explicitly providing for appeal as of right from denial of coram nobis relief]).
 

 In holding that an appeal as of right did not lie in
 
 Gersewitz,
 
 we likened the defendant’s postjudgment motion (brought under the auspices of the Court’s then-recognized "inherent power”) to proceedings initiated by the common-law writ of coram nobis
 
 (People v Gersewitz,
 
 294 NY 163, 168,
 
 cert dismissed
 
 326 US 687,
 
 supra).
 
 Considering the traditional, historical and functional features of habeas corpus, we clearly distinguished between habeas corpus proceedings and the postjudgment collateral proceeding avenue seeking vacatur of judgment in
 
 Gersewitz (id.,
 
 at 168-169).
 

 We held that, in contradistinction to the habeas corpus track, the
 
 Gersewitz
 
 defendant’s underlying motion was not a "special proceeding,” and the order denying the relief was not final
 
 (id.,
 
 at 168). We reasoned that habeas corpus proceedings were indeed special proceedings given that (1) they were classified by statute as separate civil proceedings; and (2) in a habeas corpus proceeding, a defendant seeks to invoke the power of a court other than the original court in which the prosecution was had and the conviction rendered
 
 (id.).
 
 On these significant distinctions, we treated orders in habeas corpus proceedings as final for purposes of jurisdictional and appellate analysis.
 

 Using these guideposts, we found a postjudgment motion to vacate a conviction to be markedly different from habeas corpus
 
 (id.,
 
 at 168-169). A motion collaterally attacking a judgment of conviction was not defined by statute to be a separate special proceeding
 
 (id.,
 
 at 168). Moreover, we noted that a motion to vacate a judgment of conviction invoked only those powers of the
 
 same
 
 court in which the original prosecution and judgment of conviction was had
 
 (id.).
 
 The motion was, therefore, directly derived from and connected to the
 
 *69
 
 criminal proceeding
 
 (id.).
 
 Thus, statutorily and functionally, we found the postjudgment motion to vacate to be distinguishable from a habeas corpus proceeding
 
 (id.,
 
 at 168-169). The motion’s interrelatedness with the original criminal proceeding logically and appropriately led to our conclusion that a denial of such a motion was an intermediate, not final, order
 
 (id.).
 

 Our reasoning and result in
 
 People v Gersewitz
 
 are still substantively sound and relevant to resolving the central issue in the cases at bar. CPL 440.10, in substantial effect and sweep, codified already existing postjudgment remedies which could have been raised under coram nobis, including motions to vacate premised on prejudicial prosecutorial misconduct and ineffective assistance of counsel claims
 
 (see, People v Bachert,
 
 69 NY2d 593, 598; Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 440.10, at 183 [1971]; Cohen,
 
 Post-Conviction Relief in the New York Court of Appeals: New Wine and Broken Bottles,
 
 35 Brook L Rev 1, 11-14). Thus, the
 
 People v Gersewitz
 
 rationale, which focuses on coram nobis proceedings, applies with equal analytical and jurisprudential force in the CPL 440.10 arena
 
 (see, People v Bachert,
 
 69 NY2d 593, 598,
 
 supra; People v Thomas,
 
 183 AD2d 457, 458,
 
 lv denied
 
 80 NY2d 934,
 
 supra; People v Simmonds,
 
 182 AD2d 650, 651 [likening CPL 440.10 motion to coram nobis relief],
 
 lv denied
 
 80 NY2d 910,
 
 supra; People v Ghee,
 
 153 AD2d 954, 955,
 
 lv denied
 
 76 NY2d 735,
 
 supra).
 

 Substantively, we also reject appellants’ claim that a post-judgment motion to vacate pursuant to CPL 440.10 constitutes a habeas-corpus-like or other "special proceeding” categorization for purposes of analyzing jurisdictional implications of the constitutional appellate limitation. A motion to vacate a judgment of conviction bears none of the indicia of a special proceeding
 
 (see,
 
 CPLR 403; Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 403, 1995 Pocket Part, C403:l, at 129-131). The motion to vacate the judgment of conviction (1) does not seek a judgment; (2) is not commenced by filing notice of petition or an order to show cause; (3) does not require service of process and a pleading; and (4) is not designated by specific statutory authority
 
 (contrast,
 
 CPLR 403;
 
 see,
 
 Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 403, 1995 Pocket Part, C403:l, at 129-131;
 
 see also,
 
 CPLR 7001-7012 [habeas corpus article]).
 

 
 *70
 
 In addition, the decision to deny a postjudgment motion to vacate neither " 'add[s] to nor detracts] from the rights of the parties as already determined’ ” (Cohen and Karger, Powers of the New York Court of Appeals, at 145 [rev ed], quoting
 
 Mokarzel v Mokarzel,
 
 224 NY 340, 342;
 
 see, People v Scanlon,
 
 6 NY2d 185, 187-188,
 
 supra; Matter of Town of Johnstown v City of Gloversville,
 
 36 AD2d 143,
 
 appeal dismissed
 
 29 NY2d 639). The postjudgment motion to vacate has no independent juridical function or existence and is inextricably tied to and incident to the original, seminal, finalized criminal proceeding that already ran its direct procedural appellate course
 
 (People v Gersewitz,
 
 294 NY 163, 168-169,
 
 cert dismissed
 
 326 US 687,
 
 supra; see, People v Scanlon, supra).
 
 Cohen and Karger teaches that "[t]here can hardly be two final determinations reaching identically the same result, in a single litigation; one or the other must be the final determination” (Powers of the New York Court of Appeals, at 145,
 
 op. cit).
 

 Consequently, the orders denying the petitioners’ respective CPL 440.10 motions to vacate judgments of conviction are nonfinal, and the Legislature acted in accordance with article VI, § 4 (k) of the New York Constitution, not in violation of it
 
 (see, People v Gersewitz, supra; People v Thomas,
 
 183 AD2d 457, 458,
 
 lv denied
 
 80 NY2d 934,
 
 supra; People v Simmonds,
 
 182 AD2d 650, 651,
 
 lv denied
 
 80 NY2d 910,
 
 supra; People v Ghee,
 
 153 AD2d 954, 955,
 
 lv denied
 
 76 NY2d 735,
 
 supra; see also, People v Scanlon,
 
 6 NY2d 185, 187-188,
 
 supra; cf., Van Arsdale v King,
 
 155 NY 325, 329-330,
 
 supra).
 

 We have considered both appellants’ additional points in each matter and conclude that they are without merit and warrant no additional discussion.
 

 Accordingly, the order of the Appellate Division in
 
 People v Farrell
 
 should be affirmed; the order in
 
 Rivera v Justices of N. Y. State Supreme Ct.
 
 should be modified, without costs, by granting judgment declaring that CPL 450.10 and 450.15, insofar as challenged here, are constitutional, and as so modified, affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 In
 
 People v Farrell:
 
 Order affirmed.
 

 In
 
 Rivera v Justices of N. Y. State Supreme Ct.:
 
 Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.