OPINION OF THE COURT
 

 Bellacosa, J.
 

 This Court must resolve whether a convicted sex offender has a discrete right to appeal a "risk level determination,”
 
 *273
 
 pursuant to CPL 460.20. These are post-service-of-sentence classifications under Megan’s Law. We affirm the orders of the Appellate Division dismissing the respective appeals to that Court.
 

 Appellants are sex offenders who were convicted and sentenced prior to the enactment of New York’s Sex Offender Registration Act. As prescribed by the Act, when a convicted inmate is about to be released from incarceration, the original sentencing court has the responsibility to determine whether the offender is a "sexually violent predator”
 
 (see,
 
 Correction Law § 168-a [7]; § 168-n). That determination carries a level three notification classification based on high risk of repeat offense
 
 (see,
 
 Correction Law § 168-Z [6] [c]). A released, previously convicted sex perpetrator, who is determined to fit within this classification, is then required to comply with the Act’s registration and notification requirements. That is the only category and circumstance involved in the matters now before us.
 

 The two released offenders in these matters appeal by leave of Judges of this Court pursuant to CPL 460.20. The Appellate Division orders dismissed the initial appeals to that Court from purported "resentencings” on the ground that no statutory authorization existed upon which appeals in a direct criminal procedural track from these determinations may be predicated.
 

 People v Stevens
 

 In 1990, Darryl Stevens was charged with two counts of rape in the first degree and two counts of sexual abuse in the first degree. He pleaded guilty to one count of attempted rape in the first degree and was sentenced to l1/2 to 41/2 years’ imprisonment. He was first paroled in 1993, but a burglary conviction resulted in reincarceration. He was released again on April 19, 1996.
 

 On June 12, 1996, a Megan’s Law risk level determination hearing was conducted before the County Court of Suffolk County. Upon a review of the record and the recommendation of the Board of Examiners of Sex Offenders, County Court designated Stevens as a level three sexually violent predator— the highest and most serious statutory classification.
 

 Stevens filed a notice of appeal to the Appellate Division from this purported "resentencing.” The argument there was that the 1996 determination imposed additional conditions
 
 *274
 
 upon the original sentence of incarceration in 1990, i.e., postrelease registration and notification requirements.
 

 The Appellate Division granted the People’s motion to dismiss the appeal. It held that the "determination is not an amended sentence or a resentence * * * and therefore is not appealable pursuant to CPL 450.30 (3)” (235 AD2d 440). Consequently, the Court dismissed the appeal " '[s]ince there is no statutory provision upon which an appeal [in that CPL track] * * * may be predicated’ ”
 
 (id.,
 
 at 441, quoting
 
 People v De Jesus,
 
 54 NY2d 447, 449).
 

 People v Smith
 

 On November 26, 1993, Bernard Smith was charged with multiple counts of sexual abuse, one count of assault in the second degree and one count of burglary in the third degree. On December 22, 1993, Smith pleaded guilty to two counts of sexual abuse in the first degree and was sentenced to l1/2 to 41/2 years’ imprisonment.
 

 Upon his release, the County Court of Suffolk County designated him a level three sexually violent predator. When Smith tried to appeal the classification to the Appellate Division, it dismissed the appeal on the ground that "the determination is not appealable;” it cross-referenced
 
 Stevens
 
 (240 AD2d 444).
 

 L
 

 Appellants argue that the Appellate Division erred in dismissing their appeals without review of the merits. They acknowledge that neither the Act (Megan’s Law, L 1995, ch 192; Correction Law art 6-C) nor the Criminal Procedure Law (CPL art 450) expressly authorizes a criminal track appeal from these risk level determinations in their circumstances. They propose, however, that a risk level determination constitutes a final disposition of the original criminal sentence and that a prescribed right of appeal thus becomes available to the Appellate Division through that characterization. Citing
 
 People v Pollenz
 
 (67 NY2d 264), they add to their theory that the Legislature cannot curtail appellate jurisdiction as of right from final judgments or orders in criminal actions or special proceedings. Thus, they claim nothing in Megan’s Law expressly or impliedly restricts their right to appeal, nor can the new law effect that kind of limitation.
 

 Megan’s Law became effective in New York on January 21, 1996
 
 (see,
 
 L 1995, ch 192, § 3). The stated purpose of New York’s
 
 *275
 
 "Sex Offender Registration Act” (Correction Law, art 6-C, § 168) is "predominantly regulatory” (Bill Jacket, L 1995, ch 192, Senate Mem in Support, at 6;
 
 see, Doe v Pataki,
 
 120 F3d 1263, 1276-1277; Greenberg, New York Criminal Law § 10.1, at 221). The Legislature’s goals are to protect the public from " 'the danger of recidivism posed by sex offenders,’ ” to assist the " 'criminal justice system to identify, investigate, apprehend and prosecute sex offenders,’ ” and to comply with the Federal Crime Control Act (Legislative Findings and Intent, L 1995, ch 192, § 1, McKinney’s Cons Laws of NY, Book 10B, Correction Law § 168, 1997-1998 Pocket Part, at 83).
 

 To achieve these declared and promulgated objectives, the Act details a registration and notification system for individuals convicted of sex offenses based on a three-tier classification regime. Conviction of any of the enumerated sex offenses automatically classifies an individual as a "sex offender”
 
 (see,
 
 Correction Law § 168-d [1];
 
 see also,
 
 § 168-a [1], [2]). All "sex offenders” must comply with the mandatory minimal registration and notification requirements of the statute
 
 (see,
 
 Correction Law §§ 168-f, 168-l [6]; § 168-n).
 

 A "sexually violent predator” is defined as someone who has been convicted of an enumerated "sexually violent offense” or "suffers from a mental abnormality that makes such a person likely to engage in predatory sexual conduct” (Correction Law § 168-a [7]). Individuals who are sexually violent predators, with a high risk of reoffense that threatens public safety, are subject to the widest notification network as a result of this level three designation
 
 (see,
 
 Correction Law § 168-l [6] [c]; Bonacquist, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 10B, Correction Law art 6-C, 1997-1998 Pocket Part, at 81-82).
 

 The Act also creates a Board of Examiners of Sex Offenders to "develop guidelines and procedures to assess the risk of a repeat offense by such sex offender and the threat posed to the public safety” (Correction Law § 168-l [5]). The guidelines encompass nine categories that include mental abnormalities or illness, substance abuse history, criminal history and indicia of risk and reoffense, treatment, behavior and victim impact statements
 
 (see, id.).
 
 The Board submits its recommendation to the sentencing court "providing for one of * * * three levels of notification” commensurate with the risk of reoffense
 
 (see,
 
 Correction Law § 168-l [6]; Bonacquist, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 10B, Correction Law art 6-C, 1997-1998 Pocket Part, at 81-82).
 

 
 *276
 
 For the fixed number of sex offenders convicted before the effective date of the Act, but who achieved parole or probation status by the effective date, the Division of Parole or Probation makes the risk determination
 
 (see,
 
 Correction Law § 168-g [1]).
 

 The court that originally sentenced a convicted offender is ordinarily charged with classifying an individual as a "sex offender” or a "sexually violent predator” and directing the appropriate level of notification. The determination is based upon the assessed risk of reoffense rooted in a review of the record and the Board’s recommendation
 
 (see,
 
 Correction Law § 168-n). The court may also consider statements and materials submitted by the victim and the offender
 
 (see,
 
 Correction Law § 168-n [3]). The sex offender additionally is entitled to appear and be heard and to have appointed counsel in connection with the rendition of a determination
 
 (id.).
 

 A
 
 sex offender may petition the sentencing court for relief from the duty to register (Correction Law §§ 168-0, 168-Z [7]). The offender’s petition, an updated report from the Board of Examiners and consultation with the victim constitute the record for the court’s review and determination of that avenue of redress and review.
 

 IL
 

 Whatever else the determination may be or be classified as, we are satisfied that it and its registration and notification requirements under the Act, in the pertinent category of these offenders’ situations, are not a traditional, technical or integral part of a sentence that somehow relates back to or becomes incorporated into the antecedent judgment of conviction
 
 (see,
 
 Legislative Findings and Intent, L 1995, ch 192, § 1, McKinney’s Cons Laws of NY,
 
 op. cit.,
 
 at 83;
 
 see also, Doe v Pataki,
 
 120 F3d 1263, 1283-1284,
 
 supra).
 

 A
 
 judgment incorporates both "a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence” (CPL 1.20 [15]). A criminal action "terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case” (CPL 1.20 [16]). Notably too, a criminal proceeding is "part of a criminal action or * * * occurs in a criminal court and is related to a prospective, pending or completed criminal action * * * or involves a criminal investigation” (CPL 1.20 [18];
 
 see generally,
 
 4 Wharton’s Criminal Procedure § 535, at 425 [Torcía 13th ed]).
 

 
 *277
 
 In the antecedent criminal cases affecting the instant matters, the adjudicatory power of the criminal court ended with the imposition of a sentence of imprisonment which has now been served
 
 (see, Matter of DeBellis v Property Clerk of City of N. Y.,
 
 79 NY2d 49, 56;
 
 Matter of Darvin M. v Jacobs,
 
 69 NY2d 957, 959 [" 'criminal action’ terminates upon sentencing”];
 
 People v Cavelli,
 
 50 NY2d 919, 921;
 
 People v Yannicelli,
 
 40 NY2d 598, 602;
 
 People ex rel. Paris v Hunt,
 
 201 App Div 573, 575,
 
 affd
 
 234 NY 558;
 
 People v Cullen,
 
 99 Misc 2d 646, 650;
 
 compare,
 
 CPL 430.10;
 
 see generally, People v Farrell,
 
 85 NY2d 60;
 
 Matter of Kisloff v Covington,
 
 73 NY2d 445;
 
 Matter of Campbell v Pesce,
 
 60 NY2d 165).
 

 We turn next to some criminal appellate procedural rubrics. As a general starting proposition, no appeal lies "from a determination made in a criminal proceeding unless one is provided by the CPL” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 1.20, at 27;
 
 see, Matter of Santangello v People,
 
 38 NY2d 536, 538-539). The CPL exclusively provides for rights to appeal in criminal matters
 
 (see,
 
 CPL 450.10 [1], [2]; 450.30 [1], [3];
 
 People v Callahan,
 
 80 NY2d 273, 284;
 
 People v Pollenz,
 
 67 NY2d 264, 268, supra;
 
 cf., People v Stephens,
 
 55 NY2d 778, 779).
 

 Here, the discrete risk level determinations are a consequence of convictions for sex offenses, but are not a part of the criminal action or its final adjudication
 
 (compare,
 
 Penal Law § 400.00 [11];
 
 see, De Veau v Braisted,
 
 363 US 144, 158-160;
 
 Lambert v California,
 
 355 US 225, 229;
 
 Doe v Pataki,
 
 120 F3d 1263, 1281, 1284, supra; see
 
 generally,
 
 4 Wharton’s Criminal Procedure § 559 [Torcia 13th ed]).
 

 Based solely upon the convicted offenses, each of these offenders are relegated, under the terms of Megan’s Law, into the "sexually violent predator” category
 
 (see,
 
 Correction Law § 168-a [3], [7]). That classification is neither an amendment to the judgment of conviction, nor a resentencing
 
 (see, Doe v Pataki, supra,
 
 120 F3d, at 1281 ["the fact that the Act’s requirements are triggered by a criminal conviction is common to all regulatory disabilities that result from a prior conviction, for instance, the loss of the right to vote”]). The registration and notification requirements do not trigger the independent or direct criminal appellate avenue sought by these classified offenders.
 

 IIL
 

 Turning to
 
 People v Pollenz
 
 (67 NY2d 264,
 
 supra),
 
 we held there that "[s]ection 4 (k) of article VI [of the New York Con
 
 *278
 
 stitution] prohibits legislative curtailment of Appellate Division jurisdiction over appeals from final judgments”
 
 (id.,
 
 at 268). Appellate Division jurisdiction includes all appeals
 
 from final judgments of conviction in criminal cases,
 
 including those rendered upon guilty pleas
 
 (id.).
 
 Thus, we concluded that "the Legislature [may] expand the jurisdiction of the Appellate Division but not contract it, except with regard to appeals from nonfinal orders”
 
 (id.,
 
 at 270). Notably, "[n]o provision of the Constitution constrains the Legislature to provide a right of review by an appellate court of every decision”
 
 (People v Gersewitz,
 
 294 NY 163, 168,
 
 cert denied
 
 326 US 687).
 

 The Sex Offender Registration Act became effective after adoption of article VI, § 4 (k) of the New York Constitution
 
 (see, People v Farrell,
 
 85 NY2d 60, 66, supra;
 
 People v Pollenz, supra,
 
 67 NY2d, at 268). Thus, new-type proceedings and attendant direct appeals may lie within the criminal procedure orbit only if jurisdiction to review such determinations is otherwise prescribed by statute.
 

 As we have noted, a defendant’s right to appeal within the criminal procedure universe is purely statutory
 
 (see, People v Kellar,
 
 89 NY2d 948;
 
 People v Farrell, supra,
 
 85 NY2d, at 66;
 
 People v Laing,
 
 79 NY2d 166, 170;
 
 People v Pollenz, supra,
 
 67 NY2d, at 269;
 
 People v De Jesus,
 
 54 NY2d 447, 449,
 
 supra; Matter of Santangello v People,
 
 38 NY2d 536,
 
 supra; Matter of State of New York v King,
 
 36 NY2d 59, 63;
 
 People v Gersewitz, supra,
 
 294 NY, at 166;
 
 see also,
 
 Karger, Powers of the New York Court of Appeals §§ 124, 125, at 692-693, 695 [3d ed]). The parties acknowledge that neither Megan’s Law
 
 (see,
 
 Correction Law art 6-C) nor the Criminal Procedure Law
 
 (see,
 
 CPL 450.10-450.55) allow for a criminal appeal from the risk level determination. We find no alternative source of authority to fill the gap that the offenders would like us to fill.
 

 While some may persuasively point to policy reasons why a risk level assessment ought to be subject to some form of "appellate” review, that is no substitute in these circumstances . for a legislative authorization by enactment of an appropriate statutory regime. Indeed, prescribed "judicial” review within some parts of Megan’s Law itself may lay the groundwork for "appellate” review of applicable risk level determinations. These, however, are not now before us. Rather, we are confined to the criminal procedural genesis of these matters and the strategic procedural course taken
 
 (see, People v De Jesus,
 
 54 NY2d 447, 450,
 
 supra; compare, People v Bachert,
 
 69 NY2d 593).
 

 
 *279
 
 Accordingly, we also defer passing on or sorting out the "true nature of the proceeding and the relief sought” that may definitively implicate whether a court making postsentence risk level assessments is acting
 
 qua
 
 court or as a distinct quasi regulatory entity and whether those determinations are subject to typical or special judicial review as a civil or criminal proceeding that may generate some discrete, authorized appellate review (see,
 
 Matter of Abrams [Anonymous],
 
 62 NY2d 183, 191, 194; Karger, Powers of the New York Court of Appeals §§ 124, 125 [3d ed];
 
 cf., People v Rodriguez,
 
 91 NY2d 912 [decided today] [CPLR 5602 motion for leave to appeal denied]).
 

 Unquestionably, the provisions of the Sex Offender Registration Act are extremely detailed. While, we infer no all-encompassing intent from the Legislature’s failure to provide for direct appeals from risk level determinations
 
 (see, e.g,
 
 Correction Law § 168-o [authorizing sex offender to petition for relief from registration requirements];
 
 compare, People v Freeman,
 
 236 AD2d 897), we deem it appropriate to note that, as to these postsentence settings, we decide only that no interstice of criminal appellate review is available, where none has been prescribed. In
 
 People v Laing
 
 (79 NY2d 166, 170-171, 172,
 
 supra),
 
 we cautioned that this Court may "not resort to interpretative contrivances to broaden the scope and application” of unambiguous statutes to "create a right to appeal out of thin air” in order to "fill the * * * void, without trespassing on the Legislature’s domain and undermining the structure of article 450 of the CPL”
 
 (see also, People v De Jesus,
 
 54 NY2d 447, 449,
 
 supra; People v Gersewitz, supra,
 
 294 NY, at 169;
 
 but see, People v Bachert, supra,
 
 69 NY2d, at 600).
 

 Accordingly, the orders of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Smith, Levine, Ciparick and Wesley concur.
 

 In each case: Order affirmed.