In the Matter of MORTON SWIRSKY (Admitted as MORTON S. SWIRSKY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 29, 1984

**APPEARANCES OF COUNSEL**

*Patricia Smillie-Scavelli* of counsel (*Michael A. Gentile,* attorney), for respondent.

No appearance on behalf of petitioner.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to practice on June 27, 1966 in the First Department. On April 19, 1983, respondent was suspended by this court based upon six pending complaints alleging fraud and conversions committed against his clients, in amounts ranging from $450 to $91,000, and his failure to cooperate with the investigation into those charges. (*Matter of Swirsky,* 93 AD2d 127.)

The petitioner Departmental Disciplinary Committee now moves to strike respondent's name from the roll of attorneys based upon his plea of guilty on February 23, 1984 in New York State Supreme Court to two felony counts of grand larceny in the second degree under separate indictments. Respondent was automatically disbarred

upon the entry of his plea of guilty to the felony charges. (Judiciary Law, § 90, subd 4, par a; CPL 1.20, subd 13; *Matter of Geller,* 97 AD2d 306; cf. *Matter of Gunning v Codd,* 49 NY2d 495; *Matter of Ginsberg,* 1 NY2d 144.)

Respondent does not deny that he pleaded guilty to two felonies. He has submitted in opposition to the disbarment petition a purported resignation from the Bar dated February 21, 1984, which fails to satisfy any of the requirements set forth in section 603.11 (a) of this court's rules (22 NYCRR). In any event, section 603.11 (c) provides that the acceptance of an attorney's resignation is a matter of discretion for this court. In the absence of extraordinary circumstances not here present, we perceive no basis whatever for the acceptance of a resignation from the Bar tendered on the eve of an automatic disbarment. (Cf. *Matter of Phillips,* 100 AD2d 69.)

Accordingly, the petition should be granted, and respondent's name stricken forthwith from the roll of attorneys.

MURPHY, P. J., KUPFERMAN, SANDLER, FEIN and ALEXANDER, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.