OPINION OF THE COURT
Marcy L. Kahn, J.
Defendant was convicted on June 19, 1996 after a jury trial of one count of sodomy in the first degree (Penal Law § 130.50 [2]) and one count of falsifying business records in the first degree (Penal Law § 175.10), based upon events occurring in 1995. On the consent of the People, defendant was released on *147 bail pending sentence. On September 6, 1996, defendant was sentenced on the first count to a term of incarceration of 3[1]/3 to 10 years and on the second count to a term of imprisonment of l[1]/3 to 4 years, each term to run concurrently with the other. Execution of sentence was stayed by this court for a 72-hour period, and thereafter, by a Justice of the Appellate Division, who, pursuant to CPL 460.50, stayed execution of the judgment and sentence pending the defendant’s appeal to that court, and granted defendant bail pending appeal.
After issuance of the stay by the Appellate Division Justice, this court sua sponte raised with the parties its inadvertent failure, upon defendant’s conviction of the sodomy charge, to certify the defendant as a sex offender, in apparent contravention of the applicable provisions of the Sex Offender Registration Act (hereinafter SORA; Correction Law § 168 et seq. [L 1995, ch 192, § 2 (eff Jan. 21,1996)]), and requested and received comments from the parties regarding the appropriate course of action to be followed. This decision explains the ensuing action taken by this court, and appears to be a ruling of first impression under the new statute.
I
SORA is New York State’s version of "Megan’s Law”. The ostensible purposes of the statute are to protect the public against the danger of recidivism posed by sex offenders and to enhance the information available to law enforcement authorities and the general public, in order to assure more effective apprehension and prosecution of sex offenders. (See, L 1995, ch 192, § 1.) To effect this purpose, the statute establishes a system of classification whereby all convicted sex offenders are classified according to their level of risk of recidivism and required to register with appropriate governmental authorities prior to their release back into the community. (Correction Law § 168-f.) Public notification is mandated in cases in which the risk of recidivism has been determined to be moderate or high. (Correction Law § 168-1 [6] [b], [e].) This classification scheme conforms to Federal requirements established under the Federal Violent Crime Control and Law Enforcement Act of 1994 (42 USC § 14071 [1994], as amended by Pub L 104-236, 110 US Stat 3093 [Oct. 3, 1996]), which conditions full funding under section 506 of the Omnibus Crime Control and Safe Streets Act of 1968 (Pub L 90-351, as added by Pub L 100-690, 102 US Stat 4334, codified at 42 USC § 3756) upon a State’s enactment of a registration and tracking system of convicted sex offenders.
*148 At issue in this case is the application of Correction Law § 168-d (1), which provides: "Upon conviction the court shall certify that the person is a sex offender and shall include the certification in the order of commitment. The court shall also advise the sex offender of the duties of this article.”
This provision imposes three duties upon the court "[u]pon conviction” of a "sex offender”, which term includes, without differentiation, persons convicted of sex offenses or of sexually violent offenses, such as sodomy in the first degree. (Correction Law § 168-a [1], [2], [3].) The first of these duties is certification. Defendant argues that a conviction for a sex offense constitutes sufficient compliance with the statutory requirement of certification. Such an interpretation, however, renders the statutory requirement meaningless.
SORA contains neither a definition of the term "certify” nor a procedure for effecting its accomplishment. Absent any guidance in the statute, it is reasonable to assume that certification of defendant as a sex offender would involve the court’s scrutinizing the conviction and confirming that it relates to a statutory "sex offense”, and then declaring that fact for the record.
The second requirement of this section, that the certification be included in the order of commitment, serves to direct the attention of the appropriate correctional authorities to a defendant’s status as a certified sex offender, thereby alerting them to their obligations under SORA at the time he commences serving an incarceratory sentence. (See, Correction Law § 168-c.) A simple statement that the defendant has been certified to be a sex offender would seem sufficient for this purpose.[1]
Section 168-d (1) also requires the court to advise the sex offender "of the duties of this article”. The only sensible interpretation of this murky provision is that the duties contemplated refer to the offender’s duty to register pursuant to Correction Law § 168-f. This duty exists in two situations, neither of which is present here. It obligates a sex offender to register with the Division of Criminal Justice Services within 10 calendar days of either (a) release from incarceration or parole, or (b) the imposition of a probationary or other nonincarceratory sentence. In the first situation, the statute provides *149 that the correctional facility in which he or she is confined must, within 45 days prior to release, inform the sex offender of the duty to register. (Correction Law § 168-e [1].) In the second situation, the court must advise the nonincarcerated sex offender of the duty to register at the time of sentence. (Correction Law § 168-d [2].) As defendant Griffin is neither nearing release from confinement nor commencing service of a nonincarceratory sentence, he has no imminent duty to register under SORA and there is no present obligation upon this court or any other entity to advise him of such duty.[2]
II
Defendant also argues that this court has no jurisdiction to take any action pursuant to SORA because the Appellate Division Justice, the Honorable Ernst Rosenberger, stayed all subsequent action by this court by his Honor’s order of September 6, 1996. Defendant’s argument fails for two reasons.
First, Justice Rosenberger’s order stayed the execution of the judgment pending the determination of the appeal, and fixed bail. (CPL 460.50 [1].) A judgment comprises a conviction and the sentence imposed thereon, and is completed by imposition and execution of the sentence. (CPL 1.20 [15].) A stay of the execution of judgment does not address the conviction, i.e., the adjudication of guilt of the crime charged. That aspect of the judgment is complete upon the jury’s rendering of its verdict (or entry of a plea of guilty). (See, CPL 1.20 [13]; see also, Matter of Gunning v Codd, 49 NY2d 495 [1980]; Matter of Swirsky, 103 AD2d 195 [1st Dept 1984].) Sentence and entry of judgment occur thereafter. The only portion of the judgment remaining unconsummated at the time of the issuance of the CPL 460.50 (1) stay is the sentence, and the sole function of the stay is to prevent its execution until the appeal can be resolved. The stay issued by Justice Rosenberger in this case did not affect defendant’s conviction, but merely stayed the unexecuted portions of the judgment, all of which relate to defendant’s sentence, not to the conviction itself. Because Correction Law § 168-d (1) requires that the court certify the defendant as a sex offender upon conviction and does not involve sentence in any way, certification is not covered by the stay.
The second basis for rejecting defendant’s argument arises from a court’s well-settled inherent power to correct its *150 own records, where the correction relates to inadvertent errors by the court. (See, People v Wright, 56 NY2d 613 [1982]; People v Minaya, 54 NY2d 360, 364, cert denied 455 US 1024 [1982], quoting Bohlen v Metropolitan El. Ry. Co., 121 NY 546, 550-551 [1890].) This sensible doctrine permits courts to correct inadvertent misstatements made in commitment orders, or even in pronouncement of sentence. (See, People v Davis, 161 AD2d 787, 788 [2d Dept 1990], lv denied 76 NY2d 939 [1990]; People v Locke, 154 AD2d 622 [2d Dept 1989].)
In this case, having inadvertently failed to certify defendant as a sex offender as mandated by SORA, this court must correct the obvious error in the record by certifying defendant as a sex offender and amending the order of commitment with the appropriate endorsement. Such a correction of the internal court records and commitment order in this case, despite the stay, is clearly permitted by Minaya (supra) and its progeny, which authorize amendments to correct defects in sentencing orders notwithstanding the statutory prohibition against modification of sentences. (See, CPL 430.10.)
Ill
A
Defendant also contends that this court is deprived of jurisdiction to certify him as a sex offender because SORA is an unconstitutional ex post facto law as applied to him. It is uncontested that defendant committed the crime prior to the enactment of SORA.
It is a basic tenet of statutory interpretation that a statute should not lightly be set aside as unconstitutional by a court of first instance unless such a conclusion is inescapable. (McKinney’s Cons Laws of NY, Book 1, Statutes § 150; see, Comiskey v Arlen, 55 AD2d 304, 306 [2d Dept 1976], affd on other grounds 43 NY2d 696 [1977].) A strong presumption exists in favor of the constitutionality of legislative enactments. (Hope v Perales, 83 NY2d 563 [1994].) The burden rests with the challenger of the statute to establish its unconstitutionality beyond a reasonable doubt. (McKinney’s Cons Laws of NY, Book 1, Statutes § 150; Hope v Perales, supra, at 574; People v Pagnotta, 25 NY2d 333, 337 [1969].)
Here, defendant has offered nothing more than a vague, general declaration that SORA in its entirety violates the prohibition against ex post facto laws. He has not addressed with any degree of specificity the manner in which the require *151 ments of Correction Law § 168-d (1), the only section of SORA here at issue, contravene the Constitution’s Ex Post Facto Clause, either facially or as applied to him. For this reason alone, defendant’s argument must be rejected. Even if this court were to address defendant’s claim on its merits, however, his constitutional challenge would fail.
Article I, § 10 of the United States Constitution forbids States from enacting ex post facto laws. An ex post facto law is one which retroactively increases the punishment for criminal acts. (Collins v Youngblood, 497 US 37 [1990]; Calder v Bull, 3 Dallas [3 US] 386 [1798].) Laws which are regulatory or remedial in nature, rather than punitive, do not violate the Ex Post Facto Clause. (Collins v Youngblood, supra, at 41.)
The sole issue before this court is whether the certification provisions of SORA violate the Ex Post Facto Clause as applied to defendant.[3] To date, the registration provisions of SORA, which are far more burdensome and punitive than the certification provisions, have been upheld against ex post facto challenges. (See, Doe v Pataki, 940 F Supp 603 [SD NY 1996]; People v Afrika, 168 Misc 2d 618 [Sup Ct, Monroe County 1996].) Ex post facto challenges to similar registration provisions enacted in other jurisdictions have also been rejected. (See, e.g., Artway v Attorney Gen. of State of N. J., 81 F3d 1235, supra, affg in part 876 F Supp 666 [D NJ 1995]; Rowe v Burton, 884 F Supp 1372 [D Alaska 1994], appeal dismissed 85 F3d 635 [9th Cir 1996]; State v Myers, 260 Kan 669, 923 P2d 1024 [1996]; Doe v Poritz, 142 NJ 1, 662 A2d 367 [1995]; State v Ward, 123 Wash 2d 488, 869 P2d 1062 [1994]; State v Noble, 171 Ariz 171, 829 P2d 1217 [1992].) The basis for these determinations is that registration provisions do not constitute "punishment” within the meaning of the Ex Post Facto Clause.
*152 The same conclusion must hold true for the certification provisions of SORA, the purpose of which is merely to ensure that information is conveyed to the criminal justice system in furtherance of its own internal procedures. Some guidance as to whether SORA’s certification provisions are punitive or regulatory may be gleaned from the application of a test articulated by the Supreme Court in Kennedy v Mendoza-Martinez (372 US 144 [1963]), albeit in another context. (See, e.g., Doe v Pataki, supra; Artway v Attorney Gen. of State of N. J., 81 F3d 1235, 1263, n 27, supra; but see, Austin v United States, 509 US 602, 610, n 6 [1993] [Supreme Court has not employed Mendoza-Martinez test to determine whether statute is punitive for ex post facto purposes].)
The Supreme Court articulated several factors for a reviewing court to use in determining whether a normally civil penalty should be considered criminal for purposes requiring application of criminal constitutional safeguards: whether the sanction involves affirmative disability or restraint; whether the sanction was historically viewed as punitive; whether the degree of the sanction depends on a finding of scienter; whether the sanction promotes the traditional aims of punishment, namely, retribution and deterrence; whether the behavior giving rise to the enactment is already a crime; whether an alternative purpose to which it is rationally connected is assignable for it; and whether the sanction appears excessive in relation to the alternative purpose.
To the extent applicable, review of these factors makes clear that Correction Law § 168-d (1) is regulatory, not punitive, in nature. First, it is clear that certification, in itself, imposes no affirmative disability or restriction upon defendant. Furthermore, certification is accomplished without consideration of defendant’s scienter in committing the crime, and indeed, without reference to the offender’s particular status under SORA. No determination is made at the time of certification of defendant’s status as a sexually violent predator, or of any particular risk level of notification which should be assigned to him. Additionally, certification exacts no retribution and does not promote deterrence. Regardless of the appropriate view of the punitive character of SORA’s public notification provisions (compare, Doe v Pataki, supra [holding SORA’s notification provisions to be punitive and violative of Ex Post Facto Clause], with People v Afrika, supra [holding same provisions to be remedial and not violative of Ex Post Facto Clause]), the purpose of the instant certification requirement is purely administra *153 tive and ministerial. Certification advances institutional administrative interests in ensuring that a defendant is identified within the criminal justice system as having been convicted of an offense covered by SORA for the purpose of enhancing administrative considerations of the court, correctional facility, Board of Examiners of Sex Offenders and Division of Parole. Thus, while the behavior giving rise to the need for certification is a crime, there clearly exists a nonpunitive purpose for certification which can in no way be deemed excessive.
For all of these reasons, certification is clearly regulatory, and not punitive. Consequently, even on the merits, defendant has not met his burden of proving beyond a reasonable doubt that the certification provisions of SORA violate the Ex Post Facto Clause as applied to him.
B
Finally, defendant maintains that this court lacks jurisdiction to enter an order in compliance with Correction Law § 168-d (1) because the enforcement of SORA has been enjoined by the order of the United States District Court in Doe v Pataki (supra). In Doe, however, the court enjoined only the public notification provisions of SORA, holding that the retroactive application of those provisions violated the Ex Post Facto Clause of the Federal Constitution. (Doe v Pataki, 940 F Supp, supra, at 629.) The certification provisions were not enjoined by Doe. (See, Correction Law § 168-v [separability clause].) Thus, to the extent that Doe might be binding on this court (but see, People v Afrika, supra [holding that Doe is not binding on State courts]), it is inapposite.
Accordingly, the court, in the interest of complying with Correction Law § 168-d (1) and maintaining a complete record, now certifies defendant as a sex offender nunc pro tunc to June 19, 1996, the date of his conviction, and orders the amendment of the commitment order to include such certification nunc pro tunc to September 6, 1996, the date of sentencing.

. The Chief Clerk of this court has directed all court clerks to add the following language to the commitment order in cases covered by SORA: "defendant certified to be a sex offender”. (Memo of Alan J. Murphy to all clerks, Feb. 1,1996.)

. SORA makes no provision for registration by convicted sex offenders such as defendant, who receive a stay of sentence and are released into the community pending the determination of their appeals.

. Defendant’s challenge to the balance of SORA is not ripe for consideration at this time. The application of any of SORA’s provisions other than the certification provisions of Correction Law § 168-d is entirely contingent upon future events, viz., the exhaustion of defendant’s appellate process culminating in an affirmance of the judgment. Defendant has no obligation to register under SORA until he has completed service of at least three and one-third years of incarceration in State prison. (See, Correction Law §§ 168-e, 168-f.) The notification provisions are not triggered until registration is complete and a judicial determination is made as to defendant’s risk level. (Correction Law §§ 168-1, 168-n.) Thus, any adjudication of defendant’s rights to relief from the other provisions of SORA would be premature at this time, as the issues are not ripe for determination. (See, New York Pub. Interest Research Group v Carey, 42 NY2d 527, 529-531 [1977], citing Matter of State Indus. Commn., 224 NY 13, 16 [1918] [Cardozo, J.]; see also, Abbott Labs. v Gardner, 387 US 136, 149 [1967]; Artway v Attorney Gen. of State of N. J., 81 F3d 1235 [3d Cir 1996].)