OPINION OF THE COURT
John R. LaCava, J.
The issue presented in this felony operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law §§ 1192, 1193 [1] [c]) case is whether an outstanding order of a court staying and suspending an earlier “judgment of conviction” of Vehicle and Traffic Law § 1192 stays and suspends the earlier “conviction” from acting as the lawful predicate to the Vehicle and Traffic Law § 1193 (1) (c) elevation of the charge from a class A misdemeanor to a class E felony. The court finds that it does not.
Defendant is charged by indictment with two counts of operating a motor vehicle while under the influence of alcohol, as a class E felony, under section 1192 (2) (driving while intoxicated per se [.10%]), section 1192 (3) (driving while intoxicated), and section 1193 (1) (c) of the Vehicle and Traffic Law arising out of a traffic stop that took place on February 20, 1999 in the Town of Lagrange, County of Dutchess. The predicate conviction for the elevation of the counts from that of class A misdemeanors to class E felonies (see, Vehicle and Traffic Law § 1193 [1] [c]) is a City Court of the City of Poughkeep-sie conviction of driving under the influence of alcohol (Vehicle and Traffic Law § 1192).
This case was tried, without a jury, before this court on November 4, 1999. At that time, - defendant stipulated to the People’s case and did not object to the admission of 18 items of evidence. No testimony was taken from either party.
Prior to defendant’s arrest on this case, defendant applied to the court (Hillary, J.) for an order pursuant to CPL 460.50 (see, defendant’s exhibit A in evidence) to: “stay[ ] and suspendí ] the execution of the judgment of conviction of the Criminal Court of the City of Poughkeepsie, convicting him on November 17,1997, modified August 31,1998, of violations of VTL 1992(3) and 1194(l)(b) and sentencing him to a $500 fine and revoking his driver’s license for one year on October 15, 1998, pending *792 the determination of his appeal to the Supreme Court, Appellate Term, Ninth and Tenth Districts.”
Thereupon, the court: “ordered that the judgment of conviction of the Criminal Court of the City Court of the City of Poughkeepsie be stayed pending the determination of [defendant’s] appeal to the Supreme Court, Appellate Term, Ninth and Tenth Judicial Districts.”*
The terms “judgment,” “conviction,” and “sentence” are defined in the Criminal Procedure Law. “Conviction” is defined as: “the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument” (CPL 1.20 [13]). In contrast, “[a] judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence” (CPL 1.20 [15]). Finally, “ ‘[s]entence’ means the imposition and entry of sentence upon a conviction.” (CPL 1.20 [14].) While the terms “judgment,” “conviction,” and “sentence” are defined in the Criminal Procedure Law, the term “judgment of conviction” (for which the stay was granted) is not.
Section 1193 (1) of the Vehicle and Traffic Law provides in pertinent part: “(c) Felony offenses, (i) A person who operates a vehicle in violation of subdivision two, three or four of section eleven hundred ninety-two of this article after having been convicted of a violation of subdivision two, three or four of such section * * * within the preceding ten years, shall be guilty of a class E felony.”
CPL 460.50 (1) provides: “1. Upon application of a defendant who has taken an appeal to an intermediate appellate court from a judgment or from a sentence of a criminal court, a [designated] judge * * * may issue an order both (a) staying or suspending the execution of the judgment pending the determination of the appeal, and (b) either releasing the defendant on his own recognizance or fixing bail pursuant to the provisions of article five hundred thirty.”
Although CPL 460.50 (1) only permits and contemplates an application “staying and suspending the execution of [a] judgment,” here, defendant applied under CPL 460.50 (1) for and was granted an order “staying and suspending the [City Court] judgment of conviction” pending appeal (see, defendant’s exhibit A in evidence).
*793 Were the court to adopt defendant’s position, “judgment of conviction” would constitute a “conviction” as that term is defined in CPL 1.20 (13). This is so because it is the prior section 1192 “conviction” that acts as the predicate under Vehicle and Traffic Law § 1193 (1) (c). The court concludes, however, that a “judgment of conviction” is not a “conviction.” Rather, it is the “sentence” of the court as found in its minutes (see, People v Mellon, 261 App Div 400, 401 [1st Dept 1941]). A “conviction” is complete upon an adjudication of guilt or the entry of a plea of guilty (People v Griffin, 171 Misc 2d 145, 149 [Sup Ct, NY County 1996], citing Matter of Gunning v Codd, 49 NY2d 495 [1980], and Matter of Swirsky, 103 AD2d 195 [1st Dept 1984]), and cannot be stayed or suspended by operation of CPL 460.50 (1).
Furthermore, without regard to the ultimate lawfulness of an order as urged by defendant, there is no indication in the record now before the court that Justice Hillary ever intended to grant defendant more relief than that which CPL 460.50 (1) was intended to permit, or that she desired to grant defendant reprieve from the State of New York’s operating a motor vehicle while under the influence of alcohol statutory scheme which is intended to deter and more harshly punish repeat offenders.
In sum, the court concludes that subject stay of the City Court “judgment of conviction” did not affect the legal consequences of the City Court “conviction.” Therefore, it may properly be used as a predicate to elevate both charges before this court under Vehicle and Traffic Law § 1193 (1) (c).
Upon this conclusion, the stipulated facts, and admitted evidence, the court finds defendant guilty beyond a reasonable doubt as to both counts of the indictment, two class E felonies.

 The court further ordered that “[defendant’s] driver’s license and driving privileges be restored to him forthwith, pending the determination of his appeal.”