[834 NYS2d 136]

In the Matter of FRANCOIS K. AU (Admitted as FRANCOIS KIN-WAI AU), a Resigned Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 17, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Francois K. Au*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Francois K. Au was admitted to the practice of law in the State of New York by the First Judicial Department on June 10, 1991, under the name Francois Kin-Wai Au. At all times pertinent to this proceeding he has maintained an office for the practice of law within the First Judicial Department.

On March 12, 1998, an arrest warrant was issued against respondent for bribery of a public official, and in October 1998 he was indicted in the United States District Court for the Southern District of New York on two counts of bribery of a public official in violation of 18 USC § 201 (b) (1). On September 6, 1999, while the criminal case was awaiting trial, respondent wrote a letter to this Court tendering his resignation from the bar on the basis of his ill health and medical condition, and making no mention of the criminal matter. His letter specifically asserted that he was not aware of any disciplinary proceeding pending against him.

The Character and Fitness Committee, after consulting with the Departmental Disciplinary Committee, indicated by letter to this Court dated January 6, 2000, that there was no information on file indicating any misconduct or potential investigation of respondent; a copy of this letter was sent to respondent, and no correction or additional information was provided by him.

By an unpublished order entered January 31, 2000, this Court accepted respondent's resignation and removed his name from the roll of attorneys.

In the interim, on September 8, 1999, two days after his letter of resignation was submitted to this Court, respondent pleaded guilty to the federal bribery charges. He was sentenced on March 29, 2000.

The Departmental Disciplinary Committee now seeks an order (1) vacating this Court's January 31, 2000 order accepting respondent's nondisciplinary resignation, and (2) striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a), based on his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent argues that the petition should be dismissed in view of his prior resignation, or that the question of whether his federal bribery convictions

constitute "serious crimes" as delineated in Judiciary Law § 90 (4) (d) should be referred for a referee's hearing, and that if his resignation is revoked, the appropriate penalty is a suspension from practice.

"When an attorney is under the cloud of a criminal proceeding, entertainment of an application to resign is inappropriate" (*Matter of Kourland*, 172 AD2d 77, 79 [1991]; *see also Matter of Swirsky*, 103 AD2d 195 [1984]; *Matter of Stark*, 309 AD2d 4 [2003]). Regardless of respondent's argument that he is only obligated to inform the Court or the Committee of an actual conviction, which, he contends, occurred at the time of sentencing, he was certainly under "the cloud of a criminal proceeding" at the time he sought to resign. Furthermore, upon receipt of the letter sent by the Character and Fitness Committee indicating that it knew of no misconduct or potential investigation of respondent, he had an affirmative obligation to correct that misinformation. The failure to so inform the Court in any event amounted to a fraud on this Court, and the resignation was granted under false pretenses; accordingly, the order granting his resignation is therefore vacated.

Conviction of a federal felony triggers automatic disbarment if the offense is essentially similar to a New York felony (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]; *Matter of Freedman*, 11 AD3d 172 [2004]). The crime to which respondent pleaded guilty is such an offense. His bribery of a public official in violation of 18 USC § 201 (b) was an offense which, if committed within New York, would constitute a violation of bribery in the third degree (Penal Law § 200.00), a class D felony (*see Matter of Phillips*, 100 AD2d 69 [1984], citing *Matter of Kaufman [W.]*, 46 AD2d 489 [1975]). Consequently, the automatic disbarment provision of Judiciary Law § 90 (4) (a) took effect, and the disbarment automatically took place upon entry of the guilty plea, not, as respondent would have it, upon his sentencing (*see Matter of Kourland*, 172 AD2d 77 [1991]; *Matter of Lee*, 25 AD3d 51 [2005]). Respondent ceased to be an attorney and counselor-at-law upon his guilty plea to bribery of a public official, on September 8, 1999.

Accordingly, the Committee's petition for an order (1) vacating this Court's order of January 31, 2000 and (2) striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) should be granted and respondent's

name stricken from the roll of attorneys nunc pro tunc to the date of the entry of his plea.

Saxe, J.P., Sullivan, Nardelli, Williams and Buckley, JJ., concur.

Petition granted and unpublished order of this Court entered on January 31, 2000 (M-85) accepting respondent's resignation recalled and vacated, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to September 8, 1999.