Matter of Del Valle (2024 NY Slip Op 01677)

Matter of Del Valle

2024 NY Slip Op 01677

Decided on March 26, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber,J.P.,
Anil C. Singh
Bahaati E. Pitt-Burke
John R. Higgitt
LlinÉt M. Rosado, JJ.

Motion No. 2024-00086 Case No. 2022-01539 

[*1]In the Matter of Telesforo Del Valle, Jr. (Admitted as Telesforo Del Valle), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Telesforo Del Valle, Jr. (OCA ATTY. REG. NO. 1904069), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent Telesforo Del Valle, Jr., was admitted, as Telesforo Del Valle, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 5, 1984.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Raymond Vallejo, Esq., of counsel), for petitioner.
Deborah A. Scalise, Esq., for respondent.

PER CURIAM 

Respondent Telesforo Del Valle, Jr. was admitted to the practice of law in the State of New York by the First Judicial Department on March 5, 1984, under the name Telesforo Del Valle. At all relevant times, he maintained an office for the practice of law within the First Judicial Department.
On November 16, 2023, respondent was convicted in the United States District Court for the Southern District of New York, upon his plea of guilty, of conspiracy to bribe and unlawfully compensate a federal employee (18 USC § 371), federal employee bribery (18 USC § 201 [b] [1] [C]), illegal compensation (18 USC § 203 [a] [2]), and false statements (18 USC § 1001), all federal felonies. Respondent's guilty plea stems from a scheme in which he was involved with an SDNY employee in the Magistrate Clerk's Office, whereby the employee would encourage criminal defendants to retain respondent to represent them in pending criminal cases, in exchange for which respondent paid the employee a portion of the fees the clients paid him. By letter dated December 29, 2023, respondent notified this Court and petitioner Attorney Grievance Committee (AGC) of his guilty plea and pending sentence.
By notice of motion, the AGC moves to strike respondent's name from the roll of attorneys on the ground that he has been automatically disbarred by his conviction (see Judiciary Law § 90 [4] [a], [b], [e]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [c] [1]). In response to the AGC's motion, respondent submitted an affidavit wherein he states that as he has no defense to the motion, he does not oppose it. Further, respondent offered apologies to the Court, the legal profession, his clients, and to his family and accepted responsibility for his actions.
Judiciary Law § 90 (4) (a) provides that any attorney "convicted of a felony . . . shall [,] upon such conviction, cease to be an attorney." For this purpose, a felony includes "any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which [,] if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]). "For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity"[*2](Matter of Margiotta, 60 NY2d 147, 150 [1983]; see e.g. Matter of Conroy, 167 AD3d 44, 46 [1st Dept 2018]). Further, the Rules for Attorney Disciplinary Matters state, "Upon the Court's determination that the respondent has committed a felony within the meaning of Judiciary Law (&sect) 90 (4) (e), the Court shall strike the respondent's name from the roll of attorneys" (22 NYCRR 1240.12 [c] [1]).
As argued by the AGC, the crime of federal employee bribery (18 USC § 201 (b) (1) (C)), the statute under which respondent was convicted, is essentially similar to the New York State offense of bribery in the third degree, a class D felony (Penal Law § 200.00), triggering respondent's automatic disbarment (Matter of Au, 41 AD3d 67, 69 [1st Dept 2007]; see also Matter of Greenberg, 153 AD2d 131, 132 [2d Dept 1989]). Accordingly, respondent was automatically disbarred under Judiciary Law § 90 (4) when he entered a plea of guilty to that offense. Furthermore, although respondent has not yet been sentenced, this motion is nevertheless timely, as respondent was disbarred by operation of law when he pleaded guilty (see Matter of Migdol, 209 AD3d 99, 101 [1st Dept 2022]; Matter of Bernstein, 78 AD3d 94, 96 [1st Dept 2010]) ["[f]or the purposes of automatic disbarment, conviction occurs at the time of plea or verdict"]).
Accordingly, the motion should be granted, and respondent is disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (a) and (b) and 22 NYCRR 1240.12 (c) (1), nunc pro tunc to November 16, 2023, the date of his guilty plea.
All concur.
It is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), disbarring respondent Telesforo Del Valle, Jr., admitted as Telesforo Del Valle, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to November 16, 2023; and
It is further Ordered that pursuant to Judiciary Law § 90, respondent Telesforo Del Valle, Jr., admitted as Telesforo Del Valle, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Telesforo Del Valle, Jr., admitted as Telesforo Del Valle, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Order that if respondent, Telesforo Del Valle, Jr., admitted as Telesforo Del Valle, has been [*3]issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 26, 2024