OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that tenants’ cross motion to dismiss and for other relief is denied and by remanding the matter to the Civil Court for further proceedings, and, as so modified, affirmed with $10 costs to tenants.
The issue on this appeal is the effect to be given a Division of Housing and Community Renewal (DHCR) order reducing the rent to the level in effect prior to the most recent guidelines adjustment when the tenants are in possession pursuant to the first stabilized lease after the apartment was decontrolled and there has been no guidelines adjustment in the rent.
Tenants took possession pursuant to a two-year lease commencing on April 1, 1996 at a monthly rent of $1,350. They were served with an RR1 form and did not challenge the initial stabilized rent. This nonpayment proceeding was commenced in February 1998 to recover balances owed for December 1997 and January and February 1998 rent. In their answer, tenants asserted that DHCR had issued a rent reduction order on April 15, 1997, the effect of which, they claimed, was to reduce the rent to the last rent-controlled rent of $233.14. Tenants also counterclaimed for overcharges based on this figure and for attorney’s fees. On cross motions to dismiss, the Housing Court, citing Graham Ct. Owners Corp. v Allen (NYLJ, Mar. 19, 1996, at 25, col 2 [App Term, 1st Dept]), ruled that the last controlled rent served as the “base rent.” Accordingly, the court denied landlord’s motion to dismiss tenants’ defense and counterclaims and granted tenants’ cross motion to the extent of “discontinuing” the proceeding.
In Graham Ct. Owners Corp. v Allen (supra), the Appellate Term, First Department, rejected a claim that the effect of a DHCR rent reduction order on a first stabilized rent was to reduce the rent to the last controlled rent. It reasoned that the DHCR order “did not preclude landlord from collecting permissible vacancy increases and allowances for vacancy improvements” (supra, at 25, col 2). Instead of calculating these increases (an operation which could not be performed because the stabilized rent was not based on “increases” over the controlled rent), the court merely reduced the rent by the last guidelines adjustment.
*722 We disagree both with the Housing Court’s conclusion that the rent should be reduced to a rent based on the last controlled rent and with the First Department’s conclusion that the rent should be reduced by one guidelines adjustment.
Section 26-514 of the Rent Stabilization Law of 1969 (Administrative Code of City of NY § 26-514) provides that when an owner fails to maintain required services the tenant may apply to DHCR “for a reduction in the rent to the level in effect prior to its most recent adjustment and for an order requiring services to be maintained.” While this language might have been subject to competing interpretations as to the type of adjustment meant, i.e., vacancy, improvements, or guidelines (see, Miller v NYS Div. of Hous. & Community Renewal, NYLJ, Mar. 26, 1997, at 30, col 4 [Sup Ct, Kings County]), DHCR, in the Rent Stabilization Code, has interpreted it to mean that the rent should be reduced “to the level in effect prior to the most recent guidelines adjustment.” (Rent Stabilization Code [9 NYCRR] § 2523.4 [a]). DHCR has further clarified this point by stating that intervening MCI or individual apartment increases should not form part of the reduction (DHCR Policy Statement 95-1; see, Miller v NYS Div. of Hous. & Community Renewal, supra).
Because the statute, as implemented by the Code, directs a reduction in rent to the level in effect prior to the most recent guidelines adjustment, it is evident that it is addressed to the situation in which there has been a guidelines adjustment in the stabilized rent. The statute fails to provide for the situation in which, as here, there has been no guidelines adjustment because the tenants are in possession pursuant to the first stabilized lease. In the latter situation, a reduction in rent by one guidelines increase would not be “a reduction in the rent to the level in effect prior to its most recent adjustment” (Rent Stabilization Law of 1969 [Administrative Code] § 26-514) but a reduction to a rent level that was never in effect. The gap in the statute’s coverage cannot be filled by judicial legislation but must be left for the Legislature to address. “The court has no power to supply even an inadvertent omission of the Legislature” (People v Gersewitz, 294 NY 163, 169).
Although the DHCR order cannot be given the effect of reducing the rent by a sum certain, it does have the effect of barring increases in rent until the services are restored (Rent Stabilization Code [9 NYCRR] § 2523.4 [a]). In addition, the order has the effect of establishing, as a matter of collateral estoppel, the conditions that it found to exist, which included a fluctuating *723 hot water temperature and a broken door bell. Thus, instead of dismissing tenants’ affirmative defense and counterclaims we read them as asserting a claim for breach of the warranty of habitability based on the DHCR order. Accordingly, we remand the matter to the Civil Court for determination of the amount owed landlord based on the lease rent of $1,350 and of the amount due tenants on their counterclaims.
Kassoff, P. J., Aronin and Scholnick, JJ., concur.